

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

APR 0 4 2014

ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANNY O. COWART;
BRANDI'S HOPE COMMUNITY
SERVICES, LLC; AND SCIOTO PROPERTIES
SP-16 LLC                                                    PLAINTIFFS

VS.                          CIVIL ACTION NO.: 1:14CV153 16-JMR

CITY OF MOSS POINT, MISSISSIPPI,
A MUNICIPAL CORPORATION                                      DEFENDANT

<u>COMPLAINT</u>

(JURY TRIAL DEMANDED)

Plaintiffs bring this Complaint against Defendant City of Moss Point, Mississippi for

injunctive, declaratory and other relief and damages for Defendant's actions against Plaintiffs in

violation of the laws of the United States.

<u>PARTIES</u>

1.      Plaintiff Danny O. Cowart ("Cowart") is an adult resident citizen of Simpson

County, Mississippi who owns and operates Brandi's Hope Community Services, LLC in order

to provide support services to persons with disabilities.  At all relevant times, Cowart,

individually and as owner and sole member of Brandi's Hope Community Services, LLC,  has

provided or has intended to provide support services to three (3) adult disabled persons who

currently reside together, or who intend to reside together, as a family, in a single-family

dwelling located at 3873 River Pine Drive, Moss Point, Mississippi.  At all relevant times,

Cowart, individually and as owner and sole member of Brandi's Hope Community Services,

LLC, has intended to provide support services to three (3) disabled persons who could choose to reside in a single-family dwelling located at 3872 River Pine Drive, Moss Point, Mississippi.

2.      Plaintiff Brandi's Hope Community Services, LLC ("Brandi's Hope") is a Mississippi limited liability company with its principal place of business in Magee, Simpson County, Mississippi, licensed to provide support services throughout Mississippi to persons with intellectual, developmental or other disabilities.  Among the support services provided by Brandi's Hope are residential support services throughout Mississippi in the private residences of persons with disabilities.  At all relevant times, Brandi's Hope Community Services, LLC has provided support services to three (3) adult disabled persons who reside at 3873 River Pine Drive, Moss Point, Mississippi.  At all relevant times, Brandi's Hope Community Services has intended to provide support services to no more than three adult disabled persons who could exercise their individual housing choice to live in the single-family residence located at 3872 River Pine Drive, Moss Point, Mississippi, which residence is currently unoccupied and undergoing renovations, having sat vacant and dilapidated in the neighborhood for some time.

3.      Plaintiff Scioto Properties SP-16 LLC ("Scioto") is an Ohio limited liability company with its principal place of business at 5940 Wilcox Place, Suite A, Dublin, Ohio. Scioto's stated mission includes making homes available, affordable and customized to people with disabilities anywhere in the United States.

4.      Defendant City of Moss Point, Mississippi (the "City") is a municipality and body politic created pursuant to the laws of the State of Mississippi.  Its principal offices are located at 4320 McInnis Ave., Moss Point, Mississippi 39563 and its mailing address is the same.  The City includes its employees, agents, boards, committees and commissions.  At all times, Defendant

2

City of Moss Point had a duty to ensure that all citizens who reside within or find themselves within the City of Moss Point's municipal borders, or who interact with the City and/or its officials, are treated equally and fairly by the City of Moss Point pursuant to the Constitution and laws of the United States and are not discriminated against by the City of Moss Point on the basis of disability or other protected status and/or under color of law.  At all relevant times, the City acted through its officials, officers and employees including Andrew T. Beamon, ("Building Official" or "Beamon"), who is the Building Official  for the City of Moss Point and who maintained responsibility for the investigation of zoning and land use issues within the City of Moss Point, the institution of zoning and land use enforcement actions of the City of Moss Point and the effectuation of the zoning and land use rules, policies and practices of the City of Moss Point applied to citizens who reside in or who may be found within the municipal borders of the City of Moss Point.

Jurisdiction

5.      This action is brought by Plaintiffs for violations of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12131, *et seq.*

6.      This Court has jurisdiction over this action under 28 U.S.C. § 1331 and may grant declaratory, injunctive and other relief pursuant to 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 3613(c), and Rules 57 and 65 of the Federal Rules of Civil Procedure.

7.      Venue is proper under 28 U.S.C. Section 1391(b) because the claims alleged herein occurred in Jackson County, Mississippi within the Southern District of Mississippi, Southern Division.

### Factual Allegations

8.     At all times relevant to this Complaint, Plaintiff Danny O. Cowart owned and

operated Plaintiff Brandi's Hope Community Services, LLC, a provider of support services to

persons with developmental or other disabilities as defined by the Americans with Disabilities

Act and the Fair Housing Act.

9.     Plaintiffs Cowart and Brandi's Hope provide support services to three (3)

unrelated disabled persons who presently live together in a single-family dwelling located at

3873 River Pine Drive, Moss Point, Mississippi.  Plaintiffs intend to provide support services to

no more than three (3) unrelated disabled persons who could choose to live at 3872 River Pine

Drive, Moss Point, Mississippi, a single-family dwelling presently unoccupied and undergoing

renovations.  3873 and 3872 River Pine Drive, Moss Point, Mississippi are each a  "dwelling" as

defined under the Fair Housing Act.

10.     The three persons who live together at 3873 River Pine Drive are each disabled

persons as defined under the Americans with Disabilities Act and the Fair Housing Act.  These

persons require support in order that they be afforded the equal opportunity to live independently

within the community in the neighborhood and residence of their choice.

11.     Plaintiff Scioto purchased the single-family homes located at 3872 and 3873

River Pine Drive for the purpose of making them available as private residences to disabled

persons who might exercise their individual housing choice to live there.  Significant renovation

and/or customization was necessary in order for the homes to be made available to persons with

disabilities.

12.     Brandi's Hope leases the home at 3873 River Pine Drive from Scioto and makes it

4

available pursuant to individualized agreements with each of three disabled persons who live there. Danny Cowart and Brandi's Hope makes it available to the three disabled persons who reside there together which persons might otherwise be unable to lease the residence themselves or without the support and financial guarantee provided, in this instance, by Plaintiffs Cowart and Brandi's Hope. These three persons moved in individually beginning on or about February and March, 2014.

13.     The three disabled persons who reside together at 3873 River Pine Drive each pay rent and utility/cable fees pursuant to a written agreement with Brandi's Hope. These resident tenants have the choice to terminate their individual rental agreements which are for indefinite periods and not on weekly or month-to-month terms.

14.     The three disabled persons who live at 3873 River Pine Drive purchase their own groceries and each participates in the planning of and preparation of meals, individually and together as a family, all with available support as may be necessary.

15.     All three of the disabled persons who live at 3873 River Pine Drive are employed in one capacity or another. One person has held a position at a local store in the community, with support, for more than seven years. Another works at a different local shop and the other resident enjoys the creation and sale of his personal artwork.

16.     3873 River Pine Drive, Moss Point, Mississippi, is a single-family dwelling located within the R1A (Single Family Residential- Low Density) zoning district as defined by the Moss Point Zoning Ordinance (sometimes hereinafter the "Ordinance"). The Ordinance defines "single-family dwelling" as "[a] detached residential building designed for the occupancy exclusively by one family."

17.     The Moss Point Zoning Ordinance, Article II, Section 201, allows single-family use by right on River Pine Drive because it is situated in an R-1A zone.  The Ordinance defines "family" as "[o]ne or more persons occupying a single dwelling unit provided that unless all members are related by blood or marriage, no such family shall contain over five (5) persons, but further provided that domestic servants employed on the premises may be housed on the premises without being counted as a family or families."

18.     The Moss Point Zoning Ordinance permits up to five (5) unrelated persons to reside together in a single-family home in any residential zone, including R-1A.

19.     The Moss Point Zoning Ordinance provides that an unlimited number of domestic servants may be employed, in any residential zone, by any "family" and be housed on the premises "without being counted as a family or families."

20.     Brandi's Hope provides in-home support services to the disabled persons who reside at 3873 River Pine Drive as are proper and necessary to afford these persons the equal opportunity to live with dignity and to exercise their individual housing choice, in the neighborhood of their choice, as citizens of Moss Point, Mississippi.  The services of a direct-support employee of Brandi's Hope are made available to the disabled persons who reside at 3873 River Pine Drive at any time such residents may be present in their home.

21.     Pursuant to the Moss Point Zoning Ordinance, the occupancy of 3873 River Pine Drive by three (3) unrelated disabled adults neither reaches nor exceeds the maximum number of unrelated persons permitted to live, as of right, in a single-family home within an R-1A residential zone in Moss Point, Mississippi.

22.     The Moss Point Zoning Ordinance does not address, and does not prohibit or limit

6

in number, the persons who may provide residential or in-home support services to a citizen of

Moss Point, Mississippi.  Neither the Moss Point Zoning Ordinance nor any other City ordinance

limits or restricts, or even addresses by type, category, manner, or otherwise, the different

services that may be provided to citizens of Moss Point within a private residence.

23.     On or about March 14, 2014, Plaintiffs received a letter, dated March 11,

2014 from Andrew T. Beamon, Building Official for the City of Moss Point, which informed

Plaintiffs that the City had received "several phone calls" and "reports of maybe a group home or

boarding house is in operation" at "3872 and 3873 River Pine St., Moss Point, Ms. 39563."

24.     Beamon's letter demanded Plaintiffs contact his office by 3:00 p.m. that same day

they received the letter, March 14, 2014, "to discuss any further activity."  Beamon instructed

that "if activity continues, and you have not contacted my office, you may be subject to further

actions being taken against you and your agency."  Plaintiffs complied with Beamon's demand

and contacted his office that same day to discuss the matter as he demanded.

25.     Beamon's letter stated that [in reference to 3872 and 3873 River Pine Drive]

"[t]his area is zoned R-1A within the city limits of Moss Point and, therefore, is not zoned for a

permitted group home or boarding house, nor by special exception."

26.     Beamon's letter next stated, in italicized, boldface type for emphasis "[the area] is

strictly *single family dwelling and accessory structures only.*"

27.     Beamon's letter made no reference to any issue of "business," "business

license,"or "business activity" in explanation of the City's complaint for alleged violation of its

"single family dwelling only" ordinance and policy for the City's R-1A residential zone.

28.     Beamon's March 11, 2014 letter was addressed and mailed to Brandi's Hope

7

Community Services at its principal place of business in Magee, Mississippi.

29.     The Moss Point Zoning Ordinance defines "Group Home" as [a] nonprofit or for-profit boarding house for the sheltered care of persons with special needs, which in addition to providing food and shelter, may also provide some combination of personal care, social or counseling service and transportation."

30.     The Moss Point Zoning Ordinance defines "Boarding House" as "[a] rooming house (other than a hotel or motel) where, for compensation and by prearrangement for definite periods, meals, and/or lodging are provided for three (3) or more, but less than twelve (12) persons on a weekly or monthly basis."

31.     The Moss Point Zoning Ordinance does not expressly provide for a "group home" as a permitted use in any residential district of the City.

32.     Among the City's residential districts, the Moss Point Zoning Ordinance allows "boarding houses" as a permitted use in only the R-3 Multi-Family Residential District.

33.     The home located at 3872 River Pine Drive, Moss Point, Mississippi is leased by Brandi's Hope Community Services, LLC but is currently unoccupied.  The home is currently undergoing a complete renovation, having sat vacant and dilapidated in the neighborhood for some time.

34.     Brandi's Hope intends to make the home at 3872 River Pine Drive available as a private residence for at least one and no more than three adult, disabled persons who may exercise their individual choice of 3872 River Pine Drive as their private residence.  Brandi's Hope intends to provide residential support services through a direct-support employee at such

8

times as the residents may be home and as may be necessary to allow the intended residents the equal opportunity to live independently in their home within the neighborhood and community.

35.     The intended use of 3872 River Pine Drive as a private residence for three (3) disabled persons, with support, neither constitutes a "new use" nor "change in use" for purposes of the City's zoning or land use scheme.  The intended residence at 3872 River Pine Drive neither constitutes an intended "group home" nor intended "boarding house" as either is defined in the Moss Point Zoning Ordinance.

36.     The home located at 3873 River Pine Drive, currently occupied by three (3) unrelated disabled persons as their private residence, is not a "group home" as defined by the Moss Point Zoning Ordinance.

37.     The persons who reside at 3873 River Pine Drive are not "provided food and shelter" as set forth as a requisite element in the definition of "Group Home" in the Moss Point Zoning Ordinance.  The persons who live at 3873 River Pine Drive shop for their own groceries and prepare their own meals, as do many other citizens of Moss Point, but with whatever support services as may be necessary to allow them to shop for their groceries and to plan for and prepare their meals.  The persons who live at 3873 River Pine Drive are not "provided" with shelter as defined by the City.  The persons have individual agreements with Brandi's Hope who leases the home from Scioto and makes it available to the individuals who live there, each by choice, and pursuant to individual agreements.

38.     The persons who reside at 3873 River Pine Drive are not "provided" "meals and/ or lodging""for compensation and by prearrangement for definite periods... on a weekly or monthly basis" as set forth as requisite elements in the definition of "Boarding House" in the

9

Moss Point Zoning Ordinance. The persons who live at 3873 River Pine Drive shop for and pay for their own groceries and meals, with support as may be necessary according to their individual needs. They may choose to dine out in the community from time to time, at their own expense and as each sees fit. Their residence at 3873 River Pine Drive is not for a definite period and not otherwise limited or set out on a "weekly" or "monthly" basis.

39.     The three (3) disabled persons who live at 3873 River Pine Drive participate in the activities and responsibilities attendant a family household including meal preparation, chores and housecleaning, with such support as may be necessary and proper according to each person's individual needs.

40.     The three (3) disabled citizens who live at 3873 River Pine Drive often leave their home during most days of the workweek, as do many other citizens of Moss Point, and may or may not participate in a range of programs and activities in the community according to their individual choices , and with such support as may be necessary to afford each with the equal opportunity to participate in those activities and programs available to others within the community.

41.     At all relevant times prior to Building Official Beamon's March 11, 2014 letter reflecting the City's position that the occupancy or use of 3872 and 3873 River Pine Drive constituted a "group home" or "boarding house" in violation of the "single-family only" zoning for the R-1A district, Beamon and the City had personal knowledge that Brandi's Hope only intended to make the residences on River Pine Drive available to "3-4" (three to four) persons. Beamon and the City knew that up to five (5) unrelated persons constitute a "family" under the Moss Point Zoning Ordinance.

10

42.     At all relevant times, Beamon and the City knew that families of less than five (5) unrelated persons are allowed to live, as of right, in any residential area of the city, without permission or special exception under the Moss Point Zoning Ordinance.

43.      At all relevant times, Beamon and the City knew that the homes located at 3872 and 3873 River Pine Drive were/are single-family dwellings designed for occupancy by a single family as same are defined in the Moss Point Zoning Ordinance.

44.     At all relevant times, Beamon and the City knew that there was never any expressed intention by Brandi's Hope to establish a "multi-family dwelling" on River Pine Drive, within the R-1A single family residential district.

45.     Upon learning on March 14, 2014, via Beamon's letter of March 11, that the City was acting upon information learned through "calls" to Beamon's office suggesting the "operation" of a "group home" or "boarding house" on River Pine Drive, Brandi's Hope contacted the City by telephone to "discuss" the alleged activity, that same day, as Beamon demanded.

46.     In the March 14 telephone call, Brandi's Hope explained to the City the facts attendant the challenged occupancy/use, which facts had previously been provided to the City as early as December, 2013 in explanation of the intention of Brandi's Hope with respect to the occupancy/use of the homes.  The December, 2013 discussion with Beamon included an explanation of the intention of Brandi's Hope to provide support services to the residents who would live there.  In the March 14, 2014 telephone calls with the City, Brandi's Hope confirmed to the City that the current occupancy of 3873 River Pine Drive included, in number of persons,

11

only three (3) disabled residents, exactly as had been previously discussed with Building Official

Beamon as early as December, 2013.

47.     In response, the City stated by letter dated March 26, 2014 that it considered

Brandi's Hope to be "operating a for profit business in the City of Moss Point without a business

license...in violation of the City's Ordinances" and advising "**the City will immediately issue a**

**cease and desist.**" At all relevant times prior to Defendant Beamon's March 11, 2014 letter, the

City knew that Brandi's Hope was a business that intended to provide residential support services

to persons with disabilities in Moss Point.  The City's allegation Brandi's Hope was in violation

of the City's ordinances for failure to have a "business license" was raised for the first time by

the City in its March 26, 2014 correspondence.

48.     In the same March 26, 2014 letter from the City that began with a claim Brandi's

Hope was unlawfully "operating without a business license" the City explained that Brandi's

Hope would not be allowed to provide its services to the residents of 3872 or 3873 River Pine

Drive, even if it had the business license. The City advised that "[t]he R1a zone is the most

restrictive zone in the City and does not allow *any* business or multi-family dwelling by right or

special exception."  However, the City and its agents, including Building Official Beamon, knew

that businesses are indeed allowed to provide services of all type, manner and category to

persons, in their homes, in any neighborhood in the City.

49.     In the same March 26, 2014 letter, the City suggested, for the first time,

and without explanation of any basis in fact, that the City somehow considered the occupancy or

use of the 3872 and 3872 River Pine Drive houses to be a "multi-family dwelling."  However, the

City knew that the 3872 and 3873 River Pine Drive houses are each a "single-family dwelling"

12

and in fact are located across the street from each other.  At all times the City knew that only single families of no more than three (3) or four (4) unrelated adult disabled persons would reside in either of the two separate single-family dwellings.  At all times the City knew that families of up to five (5) unrelated persons are expressly allowed, by right and without special permission or exception, under the City's ordinances.

50.     The City of Moss Point has a statement on its website that references the existence of an "American Disabilities Act" and states that such act "...prohibits discrimination and ensures equal opportunity for persons with disabilities in employment, State and local government services, public accommodations, commercial facilities, and transportation."  Plaintiffs believe the City's website reference is actually to the Americans with Disabilities Act ("ADA") (42 U.S.C. §§12131, *et seq.*) but it is unclear and the City does not otherwise express any intention to comply with the "ADA" in its provision of services to citizens of Moss Point.

51.     At the end of the City's website reference to what it describes as the "ADA" follows language stating "*(See Mississippi American Disabilities Act link)*" but this referenced "link" is not active and does not lead to any further information about what the City of Moss Point refers to as the "Mississippi American Disabilities Act."

52.     Neither the City's website nor the City of Moss Point Zoning Ordinance articulates any procedure by which a disabled person or someone associated with a disabled person could request an accommodation of the City in its policies, programs or services that may be necessary to afford a disabled person, or a person associated with a disabled person, the equal opportunity to enjoy the services of the City of Moss Point or the equal protection of its ordinances.

13

53. In response to the City's March 26, 2014 correspondence threatening the issuance of a "cease and desist" for "operating ...without a business license" and which letter referenced an impermissible "multi-family" dwelling, Plaintiffs Danny Cowart and Brandi's Hope wrote to the City, on the same day, expressing objection to the City's characterization of the in-home support services provided or intended to be provided by Brandi's Hope at 3872 or 3873 River Pine Drive as somehow constituting the *operation* of a business *"at"* the residence as opposed to the *provision of services* at the private residence of a person.

54. In Plaintiffs' March 26 response to the City, Plaintiffs advised that if the City's position was that the alleged failure of Plaintiffs to obtain    a "business license" would work to prevent Plaintiffs from making the home available to persons with disabilities, with support services, the City should "please consider this as a request for a reasonable accommodation under the Americans with Disabilities Act, such that the City reevaluate its ordinances, policies and programs in order to afford these three persons the equal opportunity to live in their residence of choice and to receive the necessary support services to which they are entitled."

55.    In Plaintiffs' March 26 correspondence to the City, Plaintiffs advised they believed that the current and intended occupancy of the homes located at 3872 and 3873 River Pine Drive by *fewer* than five (5) unrelated persons should be allowed as of right pursuant to the City's own ordinances.  Plaintiffs advised that "[t]o the extent that the City of Moss Point has determined that these three persons do not constitute a family such as would be allowed as of right under the applicable zoning ordinances, please consider this as a formal request for a reasonable accommodation under the Americans with Disabilities Act such that the City

reevaluate its ordinances, policies and programs in order to provide an equal opportunity for these three citizens of Moss Point to remain in their new home- the home of their choice."

56.     On April 1, 2014, the City held its scheduled meeting of the Mayor and Board of Aldermen.  At the meeting, the City accepted a petition submitted by the "Riverwood Homeowners' Association" (hereinafter "RHA") which Plaintiffs believe requested action by the City, effectively, to prohibit the three (3) disabled residents to continue to live at 3873 River Pine Drive, with necessary support services provided by Brandi's Hope, and to prohibit the home at 3872 River Pine Drive from being made available to disabled residents who could choose to live there and be provided with residential support services.

57.     Following the acceptance of the RHA petition, the Mayor announced in the same April 1 meeting that the City would soon hold a "hearing" to consider the RHA members' concerns and that the City had already heard from [Brandi's Hope].  In fact, no hearing has ever been held where the City of Moss Point allowed Brandi's Hope or Danny Cowart to be heard. Plaintiffs were not allowed to speak or present any information to the Mayor and Board of Aldermen at the April 1 meeting.

58.     Following the acceptance of the RHA petition and open announcement that only the RHA would be entitled to a subsequent "hearing," the Mayor and Board of Aldermen entered executive session.

59.     The next day, April 2, 2014, Plaintiffs were informed in writing by the City that the Mayor and Board of Aldermen had considered Plaintiffs' request for an ADA reasonable accommodation in its executive session the previous night and had decided to deny the request.

60.     In its written explanation of its denial of an ADA accommodation, the City

15

for the first time articulated its specific belief that it considers Plaintiffs' provision of support services to the persons living at 3873 River Pine Drive to be the operation of a "commercial business" at the residence. The City stated that "the City views Brandi's Hope as a commercial business, which is not allowed in an R-1A zoned area." The City stated that its zoning ordinance "does not allow any business in an R-1A zone." However, the City knew that it in fact does allow any number or manner of commercial businesses to provide commercial services within the homes of residents throughout every residential zone in the City.

61.    In its written denial, the City stated "the City deems Brandi's Hope as a 'Group Home'" and suggested that one basis for the City to deny Plaintiffs' ADA accommodation request is because "the Group Home would be allowed in all other residential districts EXCEPT R1a which **makes no exception for a commercial business.**"

62.    In its written denial, the City complains that "any argument from Brandi's Hope that its tenants are due a reasonable accommodation to allow the residents 'the equal opportunity to live in their residence of choice and to receive the necessary support services to which they are entitled' is unfounded, as the Group Home would be allowed in all other residential districts EXCEPT R1a..."

63.    In its written denial of Plaintiffs' request for an ADA reasonable accommodation, the City claims, without any factual support, that the grant of a reasonable accommodation "under the circumstances" is not required in this case because "commercial uses" are prohibited in the R-1A zone and that to allow Brandi's Hope to provide its commercial services in the R-1A zone would "undoubtedly create a fundamental alteration in the zoning scheme of the City."

64.    In its April 2, 2014 denial of Plaintiffs' request for an ADA reasonable

16

accommodation, the City advised that the Mayor and Board had in the April 1 executive session "voted to issue a cease and desist for the current business operating in the R-1A zone." The City advised it would allow "the business" fifteen (15) days to close.

65.     On April 3, 2014, Building Official Andrew Beamon served Plaintiffs with a formal "Notice of Violation" of zoning ordinance 402.4.1 for prohibited "commercial and industrial use." The notice orders Plaintiffs to "VACATE PREMISES" and "cease operating commercial business" at the address by 4/18/2014.

Claims for Relief<br>Count I: The Fair Housing Act

66.     The allegations in paragraphs 1-65 are incorporated herein by reference.

67.     The subject properties located at 3872 and 3873 River Pine Drive, Moss Point, Mississippi are each a "dwelling" within the meaning of 42 U.S.C. § 3602(b), and the current and prospective residents of the homes are persons who are "handicapped" within the meaning of 42 U.S.C. § 3602(h).

68.     Through the actions described above, the Defendant has:

    a.     Made housing unavailable on the basis of disability in violation of 42 U.S.C. § 3604(f)(1);

    b.     Imposed different terms, conditions, or privileges in housing on the basis of disability in violation of 42 U.S.C. § 3604 (f)(2);

    c.     Failed or refused to make reasonable accommodations in rules, policies, practices, or services when such accommodations may have been necessary to afford persons with disabilities an equal opportunity to use

17

and enjoy a dwelling in violation of the Fair Housing Act, 42 U.S.C.

§ 3604 (f)(3)(b); and

    d.    Interfered with persons in the exercise or enjoyment of, or on account of

their having exercised or enjoyed, or on account of their having aided

or encouraged persons with disabilities in the exercise or enjoyment of

rights granted or protected by the Fair Housing Act, in violation of

42 U.S.C. § 3617.

69.    Defendant acted intentionally, willfully, and in disregard for the rights of others.

70.    There are persons who have been injured by the Defendant's discriminatory and unlawful actions and practices who are "aggrieved persons" within the meaning of 42 U.S.C. § 3602 (I), and who have suffered damages as a result of the Defendant's conduct.

Count II
The Americans with Disabilities Act ("ADA")

71.    The allegations in paragraphs 1-65 are incorporated herein by reference.

72.    The current and prospective residents of the homes described above are "qualified individuals with disabilities" within the meaning of the ADA, 42 U.S.C. §§12102(1) and 12131(2).

73.    The Defendant is a public entity within the meaning of the ADA, 42 U.S.C. § 12131(1).

74.    Defendant's actions described above:

    a.    Excluded individuals with disabilities from participation in and denied

them the benefits of the services, programs or activities of a public entity,

18

in violation of Title II of the ADA, 42 U.S.C. § 12132; and

b.     failed to make reasonable modification in policies to avoid discrimination

in violation of Title II of the ADA, 42 U.S.C. §12132.

75.     Defendant acted intentionally, willfully, and in disregard for the rights of others.

76.     Persons who have been subjected to the Defendant's conduct have suffered and

will continue to suffer irreparable harm in the absence of relief.

WHEREFORE, Plaintiffs pray that the Court will enter an ORDER:

a.     Declaring that the actions of the Defendant described above constitute violations

of the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.*, and Title II of the Americans

with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.*;

b.     Enjoining the Defendant, its officers, employees, agents, successors, and all other

persons in active concert or participation with it, from discriminating on the basis of disability in

violation of the Fair Housing Act and the Americans with Disabilities Act;

c.     Enjoining the Defendant, its officers, employees, agents, successors, and all other

persons in active concert or participation with it, from failing to make reasonable

accommodations and/or modifications in its policies, practices, rules or services, as required by

the Fair Housing Act and the Americans with Disabilities Act, including accommodations that

permit the making available of and provision of support services in housing for persons with

disabilities.

d.     Ordering the Defendant take all affirmative steps to ensure compliance with the

Fair Housing Act and Americans with Disabilities Act, including steps necessary to prevent the

recurrence of any discriminatory conduct in the future and to eliminate to the extent practicable

19

the effects of its unlawful housing practices as described herein;

   e.  Awarding monetary damages, pursuant to the Fair Housing Act, 42 U.S.C.

§ 3613(c)(1) for actual damages suffered by Plaintiffs;

   f.  Awarding punitive damages pursuant to Fair Housing Act, 42 U.S.C.

§ 3613(c)(1).

   g.  Awarding Plaintiffs their costs and a reasonable attorney's fee pursuant to

42 U.S.C. §3613(c)(2).

   h.  Ordering such other relief, general and specific, as may be warranted in the

circumstances and in the interests of justice.

   Dated this the 4th day of April, 2014.

         Respectfully submitted,

         DANNY O. COWART, BRANDI'S HOPE
         COMMUNITY SERVICES, LLC and
         SCIOTO PROPERTIES SP-16 LLC

         By: _William H. Hussey_

          John L. Maxey II (MSB 1946)
          William H. Hussey (MSB 102322)
          Maxey Wann, PLLC
          210 E. Capitol St., Ste. 2100
          Post Office Box 3977
          Jackson, Mississippi 39207-3977
          (601) 355-8855
          (601) 355-8881 Facsimile
          John@maxeywann.com
          William@maxeywann.com